UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

BRETT C. TITTLE,
          Plaintiff,

      v.                                            Case No. 06-C-0938

SERGEANT MICHAEL CARVER, and
OFFICER MARK W. ROONEY,
          Defendants.

## DECISION AND ORDER

Plaintiff, Brett C. Tittle, filed this pro se civil rights action pursuant to 42 U.S.C. § 1983. This order will address plaintiff's motion for leave to proceed in forma pauperis, motion to appoint counsel and motion to amend the complaint.

### I. IFP REQUEST AND PLRA SCREENING

**A.    Motion to Proceed In Forma Pauperis**

Pursuant to 28 U.S.C. § 1915(b)(1), plaintiff is required to pay the statutory filing fee of $350.00 for this action. If a prisoner does not have the money to pay the filing fee, he or she can request leave to proceed in forma pauperis. To proceed with an action in forma pauperis, the prisoner must complete a petition and affidavit to proceed in forma pauperis and return it to the court with a certified copy of the prisoner's trust account statement showing transactions for the prior six months. The court then assesses and, when funds exist, collects from plaintiff at the time the action is filed an initial partial filing fee of 20% of

the average monthly deposits to or the average monthly balance in the prisoner's trust account for the six-month period immediately preceding the filing of the complaint.[1]

In this case, plaintiff has filed a certified copy of his prison trust account statement for the six-month period immediately preceding the filing of his complaint. The prisoner has been assessed and paid an initial partial filing fee of $0.60. Thus, plaintiff shall be permitted to proceed in forma pauperis. The remainder of the filing fee will be collected as set forth below.

**B.     Screening**

I am required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Denton v. Hernandez, 504 U.S. 25, 31 (1992); Neitzke v. Williams, 490 U.S. 319, 325 (1989); Hutchinson ex rel. Baker v. Spink, 126 F.3d 895, 900 (7th Cir. 1997). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. "Malicious," although sometimes treated as a synonym for "frivolous," "is more usefully

---

[1] In no event will a prisoner be prohibited from bringing a civil action because he or she has no assets and no means by which to pay the initial partial filing fee. 28 U.S.C. § 1915(b)(4).

construed as intended to harass." Lindell v. McCallum, 352 F.3d 1107, 1109-10 (7th Cir. 2003) (citations omitted).

A complaint, or portion thereof, should be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that the plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief. See Hishon v. King & Spalding, 467 U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hosp. Bldg. Co. v. Trs. of Rex Hosp., 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

Federal Rule of Civil Procedure 8(a)(2) provides that a complaint must include only "a short and plain statement of the claim showing that the pleader is entitled to relief." This statement must simply "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Swierkiewicz v. Sorema N.A., 534 U.S. 506, 512 (2002) (quoting Conley, 355 U.S. at 47); see also Thomson v. Washington, 362 F.3d 969, 970-71 (7th Cir. 2004) (no heightened pleading requirement for pro se prisoner civil rights complaint). Of course, if a complaint pleads facts that show that a plaintiff does not have a claim, the complaint should be dismissed "without further ado." Thomson, 362 F.3d at 970.

To state a claim for relief under 42 U.S.C. § 1983, plaintiffs must allege: 1) that they were deprived of a right secured by the Constitution or laws of the United States, and 2) that the deprivation was visited upon them by a person acting under color of state law. Gomez v. Toledo, 446 U.S. 635, 640 (1980). The court is obliged to give the plaintiff's pro se

3

allegations, however inartfully pleaded, a liberal construction. See Haines v. Kerner, 404 U.S. 519, 520-21 (1972).

**C.    Background**

Plaintiff is currently incarcerated at the Milwaukee County Jail. Both defendants are employees of the Brown Deer Police Department. Defendant Michael Carver is employed as a Sergeant and defendant Mark W. Rooney is employed as an Officer.

On the evening of June 14, 2006, plaintiff got into an argument with his girlfriend because she had gone to visit her ex-boyfriend. After their argument, plaintiff went to his girlfriend's place of employment to drop off some toiletry items that she had left at plaintiff's house. Then, at 3:00 a.m., plaintiff called his girlfriend to inform her that he was on the way over to her house. Upon arriving at his girlfriend's residence, plaintiff encountered several police officers. Plaintiff was stopped by defendants Rooney and Carver and ordered out of his vehicle.

As plaintiff was exiting his car, he locked the car doors. Defendants took plaintiff's car keys from his pocket and unlocked and searched the vehicle. When plaintiff stated that a warrant was needed to search his car, defendant Carver replied that a warrant was not necessary because plaintiff was under arrest. Plaintiff states that he was not read his Miranda rights. During the search of plaintiff's car, defendants found a can of unopened beer. Although plaintiff stated that he had not had anything to drink, he was taken to the Brown Deer Police Department, where he was arrested for operating while intoxicated, stalking, damage to property and disorderly conduct. The officers gave plaintiff five or six sobriety tests, all of which he passed.

4

Approximately two hours later, plaintiff asked to make a phone call. When plaintiff gave defendant Carver his girlfriend's phone number to dial, Carver called the number, said a few things into the phone and hung up. Defendant Carver then told plaintiff that he could use the phone to call his girlfriend, but Carver stood two feet away while plaintiff used the phone. Plaintiff called his girlfriend and talked to her for a few minutes and then called another number to leave a message that he was in jail. Thereafter, plaintiff was taken to St. Mary's Hospital in Milwaukee, where his blood was extracted without his consent.

Plaintiff subsequently learned that his June 15, 2006, conversation with his girlfriend had been recorded. The recording was referenced in an affidavit that was used to obtain a search warrant for the trunk of plaintiff's vehicle.

Plaintiff charges defendants with "reckless indifference, malicious prosecution, callous indifference, acts of oppression obstructed justice," violating Wis. Stat. § 885.365 and §§ 968.28 to 968.37, wiretapping, intentional infliction of emotional distress, fraud, disregarding his rights as a citizen and deceit. Plaintiff further avers that defendants violated his rights under the Fourth and Fourteenth Amendments and subjected him to cruel and unusual punishment.

**D.     Analysis**

    **1.     Fourth Amendment Claims**

Plaintiff claims that his vehicle was searched without a warrant. The Fourth Amendment protects the "right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures." U.S. Const. amend IV. A vehicle may be searched without a warrant if there is probable cause to believe that the car

5

contains contraband or evidence of a crime. United States v. Patterson, 65 F.3d 68, 70 (7th Cir. 1995). Moreover, when the occupant of an automobile has been lawfully arrested, an officer "may, as a contemporaneous incident of that arrest, search the passenger compartment of the vehicle." Id. (citing New York v. Belton, 453 U.S. 454, 460 (1981)). In the present case, plaintiff admits that he was arrested. However, plaintiff claims that he was not read his rights as required under Miranda v. Arizona, 384 U.S. 436 (1966). Thus, plaintiff's claim that his car was illegally searched is sufficient to state a Fourth Amendment claim.

Next, plaintiff claims that defendants unlawfully recorded his June 15, 2006, conversation with his girlfriend. Although prisoners do not forfeit all of their rights under the Fourth Amendment, their expectation of privacy while in custody is significantly diminished. Hudson v. Palmer, 468 U.S. 517, 527 (1984). Therefore, where a jail provides notice that calls may be monitored, there is no reasonable expectation of privacy in such communications. United States v. Sababu, 891 F.2d 1308, 1329 (7th Cir. 1989). Here, plaintiff avers that he was not informed that his June 15, 2006, phone call would be recorded. Thus, he may proceed on this claim.

Finally, plaintiff claims that defendants subjected him to an involuntarily blood draw. The decision of a government official to draw blood to determine an individual's blood alcohol content amounts to a search for Fourth Amendment purposes. Schmerber v. California, 384 U.S. 757, 766-69 (1966); see also Greenawalt v. Indiana Dep't of Corr., 397 F.3d 587, 589 (7th Cir. 2005) And, "[f]orcible extraction of blood where there is no reason to think it will yield evidence of a crime is an unlawful search." Herzog v. Village of

6

Winnetka, 309 F.3d 1041, 1044 (7th Cir. 2002). In light of the foregoing, plaintiff has stated a blood draw claim.

   **2.   Fourteenth Amendment Claims**

Plaintiff claims that he was denied due process. To establish a procedural due process violation, a plaintiff must demonstrate that the state deprived him of a liberty or property interest created either by state law or the Due Process Clause itself. See Sandin v. Connor, 515 U.S. 472, 483-84 (1995). In the instant action, the grounds for plaintiff's due process claim are unclear. However, as the factual record in this case becomes more fully developed, plaintiff may be able to demonstrate that he was denied due process. Thus, plaintiff may proceed with this claim.

   **3.   Cruel and Unusual Punishment Claims**

Plaintiff alleges that he was subjected to cruel and unusual punishment.[2] The Eighth Amendment proscribes cruel and unusual punishment in cases of official conduct which is not part of the formal penalty for a crime if a plaintiff demonstrates: (1) a "sufficiently serious" deprivation and, (2) that officials acted with a "sufficiently culpable state of mind." Wilson v. Seiter, 501 U.S. 294, 299 (1991). Mechanical rules are not to be employed in determining whether an alleged deprivation violates the Eighth Amendment. Rhodes v.

---

[2]It appears that plaintiff was a pretrial detainee when the alleged wrongdoing occurred. Thus, his conditions of confinement claims technically arise under the Fourteenth Amendment. Chavez v. Cady, 207 F.3d 901, 904 (7th Cir. 2000); Weiss v. Cooley, 230 F.3d 1027, 1032 (7th Cir. 2000); Tesch v. Cty. of Green Lake, 157 F.3d 465, 473-74 (7th Cir. 1998). However, the standards for those claims under either the Eighth or the Fourteenth Amendments are substantially similar. See Wilson v. Williams, 83 F.3d 870, 876-77 (7th Cir. 1996); Chavez, 207 F.3d at 904; Salazar v. City of Chicago 940 F.2d 233, 240 (7th Cir. 1991). Thus, the court will analyze plaintiff's claims under the Eighth Amendment standard.

Chapman, 452 U.S. 337, 346-47 (1981). However, "only those deprivations denying 'the minimal civilized measure of life's necessities' are sufficiently grave to form the basis of an Eighth Amendment violation." Wilson, 501 U.S. at 298 (quoting Rhodes v. Chapman, 452 U.S. 337, 347 [1981]). Prison conditions cannot rise to the level of cruel and unusual punishment unless the conditions produce "the deprivation of a single, identifiable human need such as food, warmth, or exercise." Wilson, 501 U.S. at 304. Here, plaintiff has not alleged that he was subjected to an unconstitutional condition of confinement. Thus, plaintiff has failed to state an Eighth Amendment claim.

### 4. Conspiracy

Plaintiff alleges that defendants conspired to deprive him of his constitutional rights. It is enough in pleading a conspiracy merely to indicate the parties, general purpose, and approximate date, so that the defendant has notice of what he is charged with. Hoskins v. Poelstra, 320 F.3d 761, 764 (7th Cir. 2003); see also Walker v. Thompson, 288 F.3d 1005 (7th Cir. 2002). Plaintiff has met this standard: he has identified the responsible defendants (Carver and Rooney), the approximate dates (June 14 and 15, 2006) and the purpose (to deprive plaintiff of his constitutional rights). Thus, plaintiff has stated a claim for conspiracy.

### 5. Federal Wiretapping Statute

Plaintiff charges defendants with illegal wiretapping. "Congress enacted the federal wiretap act for the dual purpose of protecting the privacy of wire and oral communications, and delineating the conditions under which such communications may be intercepted." Abbott v. Village of Winthrop Harbor, 205 F.3d 976, 980 (7th Cir. 2000)(internal citations omitted). The Act provides that "any person who (a) intentionally intercepts, endeavors to

intercept, or procures any other person to intercept or endeavor to intercept, any wire, oral or electronic communication" shall be found in violation of the statute and subject to civil or criminal penalties. 18 U.S.C. § 2511(1)(a). Excluded from the statute's coverage, however, is any telephone or telephone equipment that is used "by an investigative or law enforcement officer in the ordinary course of his duties." 18 U.S.C. § 2510(5)(a)(ii). Plaintiff admits that the phone call that was used to obtain a search warrant for his car was made from the Brown Deer Police Department. However, it is unclear from the complaint whether defendants qualify under § 2510(5)(a)(ii). Therefore, plaintiff may proceed on a federal wiretapping claim.

### 6. Obstructing Justice

Plaintiff alleges that defendants are guilty of obstruction of justice. Notably, he has not indicated whether he seeks to pursue state or federal obstruction charges. Regardless, plaintiff's claim must be dismissed because both provisions are criminal statutes. See Wis. Stat. § 946.41 ("whoever obstructs an officer while such officer is doing any act in an official capacity and with lawful authority, is guilty of a Class A misdemeanor") and 18 U.S.C. § 1503 ("[w]hoever corruptly...endeavors to influence, intimidate or impede" any officer in or of any court of the United States in the discharge of his duty shall be punished with up to ten years imprisonment). The Executive Branch has the "exclusive authority and absolute discretion to decide whether to prosecute cases." United States v. Nixon, 418 U.S. 683, 693 (1974). Moreover, a private citizen, such as the plaintiff, has no standing to sue based on any interest in the prosecution of another. Linda R.S. v. Richard D., 410 U.S. 614, 619 (1973). Thus, plaintiff has failed to state an obstruction of justice claim.

### 7. State Law Claims

Plaintiff contends that defendants violated Wis. Stat. § 885.365 and §§ 968.28 to 968.37 when they recorded his June 15, 2006, conversation with his girlfriend and then used the recording to obtain a search warrant for his trunk. I have supplemental jurisdiction over claims arising under state law when they are so related to claims arising under federal law that they form part of the same case or controversy. 28 U.S.C. § 1367(a); <u>Groce v. Eli Lilly & Co.</u>, 193 F.3d 496, 500 (7th Cir. 1999).

Section 885.365 provides that "[e]vidence obtained as the result of the use of voice recording equipment for recording of telephone conversations, by way of interception of a communication or in any other matter, shall be totally inadmissible in the court of this state in civil actions, except as provided in §§ 968.28 to 968.37." And, sections 968.28 to 968.37 set forth the procedures to be used for introducing telephone recordings in criminal proceedings. In the present case, the extent of defendants' use of the recording of plaintiff's June 15, 2006, conversation is unknown. Accordingly, plaintiff has arguably stated a claim under § 885.365 and §§ 968.28 to 968.37.

Plaintiff further charges defendants with negligent infliction of emotional distress. In Wisconsin, four elements must be established to for plaintiff to maintain a claim of intentional infliction of emotional distress. <u>Rabideau v. City of Racine</u>, 243 Wis.2d 486, 496 (2001). Plaintiff must demonstrate that: (1) defendants intended to cause him emotional distress by their conduct; (2) the conduct was extreme and outrageous (3) the conduct was a cause-in-fact of plaintiff's emotional distress; and (4) plaintiff suffered an extreme disabling

10

response to defendants' conduct. Id. At this stage, plaintiff may proceed on a state law claim for intentional infliction of emotional distress.

Next, plaintiff charges defendants Carver and Rooney with malicious prosecution. Wisconsin state courts have taken a restrictive view of the tort of malicious prosecution. Kaufman v. United States, 876 F. Supp. 1044, 1052-53 (E.D. Wis. 1977). To prevail on a malicious prosecution claim,

> "1. There must have been a prior institution or continuation of some regular judicial proceedings against the plaintiff in this action for malicious prosecution.
>
> 2. Such former proceedings must have been by, or at the insistence of, the defendant in this action for malicious prosecution.
>
> 3. The former proceedings must have terminated in favor of the defendant therein, the plaintiff in the action for malicious prosecution.
>
> 4. There must have been malice in instituting the former proceedings.
>
> 5. There must have been want of probable cause for the institution of the former proceedings, and
>
> 6. There must have been injury or damage resulting to the plaintiff from the former proceedings."

Fuller v. The Fuller Brush Co., 595 F. Supp. 1088, 1090 (E.D. Wis. 1984). While it is unclear whether plaintiff will be able to satisfy all elements of his malicious prosecution charge, he may at this time proceed with such claim.

Plaintiff's allegations that defendants acted with reckless indifference, callous indifference and that they were oppressive, deceitful and disregarded his rights as a citizen add little to the above-mentioned claims. Morever, this court is required to analyze the plaintiff's allegations under the most "explicit source[s] of constitutional protection." Graham v. Connor, 490 U.S. 386, 395 (1989). Here, the salient claims are: (1) a Fourth Amendment

11

claim based on the warrantless search of his car; (2) a Fourth Amendment claim based on the recording of his June 15, 2006, conversation; (3) a Fourth Amendment claim based on the involuntary blood draw; (4) a Fourteenth Amendment due process claim; (5) a federal wiretapping claim; (6) a state law claim based on the admission of the recording of his June 15, 2006, in a legal proceeding; (7) a state law claim for negligent infliction of emotional distress; (8) a state law claim for malicious prosecution; and (9) a conspiracy claim.[3] Plaintiff has failed to state Eighth Amendment and obstruction of justice claims.

## II. MOTION TO APPOINT COUNSEL

Plaintiff has moved for the appointment of counsel. Indigent civil litigants have no constitutional or statutory right to be represented by counsel in federal court. Jackson v. County of McLean, 953 F.2d 1070, 1071 (7th Cir. 1992). However, the court is authorized to request an attorney to represent an indigent civil litigant pursuant to 28 U.S.C. § 1915(e)(1). Id. at 1071.

The threshold question under § 1915(e)(1) is whether plaintiff has made a reasonable, but unsuccessful, effort to retain counsel on his own. Id. at 1073. If plaintiff has made no effort to secure counsel, the motion must ordinarily be denied outright. Id. Once this initial requirement is met, the court, in exercising its discretion, must address the following question: given the difficulty of the case, does plaintiff appear to be competent to try the case himself and, if not, would the presence of counsel likely make a difference in the outcome of the case. See Farmer v. Haas, 990 F.2d 319, 322 (7th Cir. 1993).

---

[3] It is unclear whether plaintiff has stated claims that are barred under Heck v. Humphrey, 512 U.S. 477 (1994). Because I have been instructed to construe such doubts in plaintiff's favor, see Jenkins, 395 U.S. at 421, he may proceed with the claims as described herein.

12

In the present case, plaintiff has not provided any indication that he has unsuccessfully attempted to obtain legal counsel on his own. Therefore, the motion is denied without prejudice. If plaintiff elects to renew the motion, he must provide the court with the names of at least five attorneys he contacted about the case and explain why appointment of counsel is necessary under the criteria set forth in Farmer and Jackson.

### III. MOTION TO AMEND THE COMPLAINT

On March 21, 2007, plaintiff filed a motion to add the City of Milwaukee as a defendant in this action. And, by letters to the court, plaintiff has indicated that he wishes to name several district attorneys and the Village of Brown Deer as a defendants as well as add new claims to his complaint. (See Pl.'s Letters of Feb 6, Mar. 9 and Mar. 12, 2007). Rule 15(a) of the Federal Rules of Civil Procedure states that a party may amend a pleading once as a matter of course any time before a responsive pleading is served. However, if a plaintiff seeks to add additional defendants, he must first obtain leave from the court, regardless of when the amended complaint was filed. Moore v. State of Indiana, 999 F.2d 1125, 1128 (7th Cir. 1993).

Rule 15(a) of the Federal Rules of Civil Procedure states that live to file an amended complaint "shall be freely given when justice so requires." The Supreme Court has explained the meaning of "freely given" as used in Rule 15(a) by stating:

> In the absence of any apparent or declared reason - such as undue delay, bad faith or dilatory motive on the part of a movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc. - the lease sought should, as the rules require be freely given.

Foman v. Davis, 371 U.S. 178, 182 (1962).

13

However, a plaintiff will not be allowed to amend if such amendments will be futile. Moore, 999 F.2d at 1128. For example, if the claims in the amended complaint could not withstand a motion to dismiss for failure to state a claim upon which relief can be granted, the court will not grant leave to file the amended complaint. Id.

In the present case, plaintiff has failed to file a proposed amended complaint, as required by the Local Rules. See Civil L.R. 15.1 (E.D. Wis.) ("Any party submitting a motion to amend must attach to the motion the original of the proposed amended pleading."). Therefore, I will deny plaintiff's motion to amend without prejudice.

Plaintiff is advised that he may, within 30 days of the date of this order, file a motion to amend the complaint by submitting a proposed amended complaint that is complete in itself without reference to the original complaint. Accordingly, any matters not set forth in the amended complaint are, in effect, withdrawn. See Duda v. Board of Ed. Of Franklin Park Public School District No. 84, 133 F.3d 1054, 1056 (7th Cir. 1998). Once filed, the amended complaint will be screened pursuant to 28 U.S.C. § 1915A.

## IV. CONCLUSION

**For the foregoing reasons,**

**IT IS THEREFORE ORDERED** that plaintiff's motion to proceed in forma pauperis (Docket #2) is **GRANTED.**

**IT IS FURTHER ORDERED** that plaintiff's motion to appoint counsel (Docket #12) is **DENIED**.

**IT IS FURTHER ORDERED** that plaintiff's motion to add a defendant (Docket # 18) is **DENIED.**

**IT IS ORDERED** that the United States Marshal shall serve a copy of the complaint, the summons, and this order upon the defendant pursuant to Federal Rule of Civil Procedure 4.

**IT IS ORDERED** that the defendants shall file a responsive pleading to the complaint.

**IT IS ORDERED** that the Secretary of the Wisconsin Department of Corrections or his designee shall collect from the plaintiff's prison trust account the $349.40 balance of the filing fee by collecting monthly payments from the plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the clerk of the court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action.

**IT IS ORDERED** that copies of this order be sent to the warden of the institution where the inmate is confined and to Corey F. Finkelmeyer, Assistant Attorney General, Wisconsin Department of Justice, P.O. Box 7857, Madison, Wisconsin, 53707-7857.

Plaintiff is hereby notified that he is required to send a copy of every paper or document filed with the court to the opposing parties or their attorney(s). Fed. R. Civ. P. 5(a). Plaintiff should also retain a personal copy of each document. If plaintiff does not have access to a photocopy machine, plaintiff may send out identical handwritten or typed copies of any documents. The court may disregard any papers or documents which do not indicate that a copy has been sent to each defendant or to their attorney(s).

Plaintiff is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute.

In addition, the parties must notify the Clerk's Office of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Dated at Milwaukee, Wisconsin, this 11 day of April, 2007.

/s_____
LYNN ADELMAN
District Judge