UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

**BRETT C. TITTLE,**

    **Plaintiff,**

    v.                                                     Case No. 06-C-0938

**SGT. MICHAEL CARVER and**
**OFFICER MARK W. ROONEY,**

    **Defendants.**

## DECISION AND ORDER

Plaintiff, Brett C. Tittle, filed this pro se civil rights action pursuant to 42 U.S.C. § 1983 and is proceeding in forma pauperis on various claims. This matter comes before the court on the following matters: (1) the plaintiff's motion to enter a transcript into evidence; (2) the plaintiff's motion to compel; and (3) the plaintiff's request to prosecute the defendants. All applications will be addressed herein.

**1.**     **Plaintiff's Motion to Enter Evidence**

On December 6, 2007, the plaintiff filed a motion to enter into evidence a transcript of the suppression hearing in his criminal case, State v. Tittle, Milwaukee County Circuit Court Case No. 06-CF-3190. As grounds for his request, the plaintiff states that the proffered evidence will support his motion for summary judgment and substantiate his claims that the defendants violated his constitutional rights and various state laws. (See Pl.'s Mot. to Enter Evidence at 2-5).

At summary judgment, a party "must show what evidence it has that would convince a trier of fact to accept its version of the events." Koszola v. Bd. of Ed., 385 F.3d 1104, 1111 (7th Cir. 2004). Only disputes over relevant facts "that might affect the outcome of the suit" are to be

considered. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1989). "Relevant evidence" means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence. Fed.R.Evid. 401(b).

In the present case, the plaintiff has alleged that the defendants unlawfully recorded a telephone call he made from the Brown Deer Police Department. The transcript reflects that defendant Carver testified about the circumstances of this telephone call at the suppression hearing. (See Pl.s' Mot. to Enter Evidence at 7-29). Specifically, defendant Carver testified that no signs were posted advising the plaintiff that his conversation would be recorded and that he stood within earshot of the plaintiff for the duration of the call. Id. Based on this, the court is persuaded the transcript is relevant to the plaintiff's unlawful telephone call claim. Accordingly, the court will grant the plaintiff's motion to enter into evidence the transcript from the suppression hearing in State v. Tittle.

**2.    Plaintiff's Motion to Compel**

Next, the plaintiff seeks to compel the defendants to provide him with the following materials: (1) videotapes related to his arrest; (2) a recording of the telephone call he made from the Brown Deer Police Department; and (3) a transcript of the suppression hearing in State v. Tittle. Since filing his motion to compel, the plaintiff has obtained a transcript of the suppression hearing. Therefore, the court will disregard this request when addressing his motion to compel.

The plaintiff seeks to obtain videotapes and an audio recording. Although Fed. R. Civ P. 37 permits the court to compel discovery, the party seeking such discovery must complete several steps before court intervention is appropriate. The party seeking discovery must first direct his request to the opposing party. If the opposing party fails to provide the materials, the party must then "personal[ly] consult[]" with the opposing party and "attempt[] to resolve their differences." Civ. L.R.

37.1 (E.D. Wis.). If the party is still unable to obtain discovery, he may file a motion to compel discovery with the court pursuant to Fed. R. Civ. P. 37(a). Such motion must be accompanied by a written statement that the parties were unable to resolve their differences after personal consultation and a statement of the "date and time of such conference and the names of all parties participating in it." Id.

In the present case, the plaintiff has satisfied the personal consultation requirement. He has directed his discovery demand to the defendants, who have declined to provide him with the videotapes and audio recording until he pays for the cost of reproducing such materials. Additionally, the plaintiff has certified that he conferred with the defendants in attempt to resolve their dispute. Therefore, the court will now address whether the defendants should be compelled to provide the plaintiff with the materials he seeks.

According to the plaintiff, he should be provided with videotapes related to his arrest on June 14 and 15, 2006, because they will show: (1) that he refused to consent to the search of his vehicle; (2) he was not read his Miranda rights; (3) he passed several sobriety tests; and (4) he was intimidated by prison officials. (Pl.s' Mot. to Compel at 1-2). The audio recording will demonstrate that the defendants recorded the plaintiff's telephone conversation. Id. at 2. The defendants state that they will provide the plaintiff with the requested materials if he pays them $102.96, or the amount that it will cost to obtain copies of the recordings.

The plaintiff offers two grounds in support of his motion to compel. First, he argues that the defendants should provide him with the discovery he seeks because he is indigent. Although the plaintiff has a constitutional right of access to the courts, this right does not extend to include a subsidy of the costs of litigation, even if he is proceeding in forma pauperis. See McNeil v. Lowney, 831 F.2d 1368, 1373 (7th Cir. 1987)(holding that although the constitution guarantees a right of

access to the courts, it does not require the government to pay witness fees so that an indigent plaintiff can present his case fully to the court); Jackson v. County of McLean, 953 F.2d 1070, 1071 (7th Cir. 1992)(holding that prisoners have no constitutional right to appointed counsel and costs of litigation in civil cases, even if they are indigent). Additionally, prisoners may request a legal loan under Wis. Admin. Code § DOC 309.51 and the plaintiff has given no indication that these funds are unavailable to him.

The plaintiff further asserts that the materials he seeks are relevant to his claims. However, the defendants did not object to the plaintiff's discovery request on relevancy grounds. Rather, the defendants stated that they will provide the plaintiff with the video and audio recordings he seeks if he pays for the cost of reproducing such materials. As previously discussed, the plaintiff is not entitled to a dispensation of the costs of litigation. And, the defendants' request to be compensated for the cost of obtaining the requested recordings is reasonable. For these reasons, the court is not persuaded that the defendants should be compelled to provide the plaintiff with the discovery he seeks. Therefore, the plaintiff's motion to compel will be denied.

**3.     Plaintiff's Request to Prosecute the Defendants**

On October 16, 2007, the plaintiff asked the court to criminally prosecute the defendants because they admitted to violating the Federal Wiretapping Statute, 18 U.S.C. § 2511(1)(a). As the plaintiff notes, the Executive Branch has the "exclusive authority and absolute discretion to decide whether to prosecute cases." United States v. Nixon, 418 U.S. 683, 693 (1974). This means that private citizens cannot initiate criminal prosecutions. Linda R.S. v. Richard D., 410 U.S. 614, 619 (1973). Nor can this court, as part of the judicial branch of the federal government, initiate the criminal charges against the defendants sought by the plaintiff. Thus, the plaintiff's request to prosecute the defendants will be denied.

4

**4.     Other Matters**

On December 11, 2007, the plaintiff filed a letter asking the court to contact the cashier's office at the Milwaukee County Jail to explain how filing fees should be taken out of his account. As grounds for his request, the plaintiff states that the cashier's office does not know how to deduct money from his account in accordance with 28 U.S.C. § 1915(b)(2).

The plaintiff has not provided the court with a copy of his account. Additionally, it is unclear from the face of the plaintiff's request whether prison officials improperly deducted funds from the his account. In any event, this is a matter strictly between the plaintiff and the cashier's office, which is not under federal court supervision or authority. Therefore, the court declines to act on the plaintiff's request and it will be denied.

However, the plaintiff is advised that 28 U.S.C. § 1915(b)(2) provides that the balance of the filing fee will be collected from his prison account by collecting monthly payments from the account in an amount equal to 20% of the preceding month's income credited to the account. The payments are forwarded to the Clerk of Court each time the amount in the account exceeds $10.00. 28 U.S.C. § 1915(b)(2).

As a final matter, review of the case files reveals that there are pending the parties' cross-motions for summary judgment. The plaintiff's motion, which was filed on October 11, 2007, is fully briefed and ready for resolution.

The defendants filed their motion for summary judgment on October 22, 2007. However, the plaintiff has not filed a response to the defendants' motion. Under the applicable procedural rules, the plaintiff's response to that motion should have been filed on or before November 22, 2007. See Civil L.R. 7.1 (E.D. Wis.) and Civil L.R. 56.2 (E.D. Wis.).

5
Case 2:06-cv-00938-AEG   Filed 01/03/08   Page 5 of 7   Document 86

Upon due consideration, the court will allow the plaintiff to file a response to the defendants' motion on or before **January 21, 2008.** The plaintiff is hereby advised that, if he fails to file any response to defendants' motion by the specified date, this action may be dismissed for lack of prosecution, with prejudice, pursuant to Civil L.R. 41.3 (E.D. Wis.) (copy attached) and Fed. R. Civ. P. 41(b).

**NOW, THEREFORE, IT IS ORDERED** that the plaintiff's motion to enter evidence (Docket # 80) is **GRANTED.**

**IT IS FURTHER ORDERED** that the plaintiff's motion to compel (Docket # 53) is **DENIED.**

**IT IS FURTHER ORDERED** that the plaintiff's request to prosecute the defendants (Docket # 64) is **DENIED.**

**IT IS FURTHER ORDERED** that the plaintiff's request to contact the cashier at the Milwaukee County Jail (Docket # 84) is **DENIED.**

**IT IS FURTHER ORDERED** that the plaintiff shall file a response to the defendants' motion for summary judgment by **January 21, 2008.** Failure to file such a response may result in dismissal of this action for failure to prosecute.

Dated at Milwaukee, Wisconsin this 3rd day of January, 2008.

BY THE COURT:

s/AARON E. GOODSTEIN
United States Magistrate Judge

**Civil L.R. 41.3 Dismissal for Lack of Diligence**

Whenever it appears to the Court that the plaintiff is not diligently prosecuting the action, the Court may enter an order of dismissal with or without prejudice. Any affected party can petition for reinstatement of the action within 20 days.