UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

**BRETT C. TITTLE,**

    **Plaintiff,**

    v.                                     Case No. 06-C-0938

**SGT. MICHAEL CARVER and**
**OFFICER MARK W. ROONEY,**

    **Defendants.**

## DECISION AND ORDER

Plaintiff, Brett C. Tittle, filed this pro se civil rights action pursuant to 42 U.S.C. § 1983 and is proceeding in forma pauperis on various claims. This matter comes before the court on the following matters: (1) the plaintiff's motion to amend the complaint; and (2) the plaintiff's motion to compel. Both applications will be addressed herein.

**1.     Plaintiff's Motion to Amend the Complaint**

On January 29, 2008, the plaintiff filed a motion to amend his complaint to add the Village of Brown Deer as a defendant. While leave to amend is to be "freely given when justice so requires," Fed. R. Civ. P. 15(a), "leave to amend is not automatically granted, and may be properly denied at the district court's discretion for reasons including undue delay, the movant's bad faith, and undue prejudice to the opposing party." Crest Hill Land Dev., LLC v. City of Joliet, 396 F.3d 801, 804 (7th Cir. 2005); see also Soltys v. Costello, 520 F.3d 737, *12 (7th Cir. 2008).

The present case has been pending for nearly two years. The plaintiff has not explained the reasons for his delay in seeking to amend the complaint and it appears that he could have moved to

amend his complaint much earlier. See Soltys, 520 F.3d at *13 (affirming the denial of motion to amend the complaint where plaintiff failed to act with diligence in filing motion to amend). Moreover, currently pending is the defendants' fully-briefed motion for summary judgment. Allowing the plaintiff to amend his complaint at this stage of the proceedings would unduly prejudice the defendants. For all these reasons, the plaintiff's motion to amend the complaint will be denied.

**2.      Plaintiff's Motion to Compel**

On March 25, 2008, the plaintiff filed a motion to compel. He seeks to obtain the following information: (1) the name of the telecommunications company used by the Village of Brown Deer; (2) the address of the telecommunications company used by the Village of Brown Deer; and (3) the account number that the telecommunications company uses to identify the Village of Brown Deer as a client. Although Federal Rule of Civil Procedure 37 permits the court to compel discovery, the party seeking such discovery must complete several steps before court intervention is appropriate. The party seeking discovery must first direct his request to the opposing party. If the opposing party fails to provide the materials, the party must then "personal[ly] consult[]" with the opposing party and "attempt[] to resolve their differences." Civ. L.R. 37.1 (E.D. Wis.). If the party is still unable to obtain discovery, he may file a motion to compel discovery with the court pursuant to Fed. R. Civ. P. 37(a). Such motion must be accompanied by a written statement that the parties were unable to resolve their differences after personal consultation and a statement of the "date and time of such conference and the names of all parties participating in it." Id.

In the present case, the plaintiff has certified that he attempted to confer with the defendants to resolve this dispute. However, on April 17, 2008, the defendants provided the plaintiff with the information he seeks. Specifically, the defendants identified the name and address of their

2

Case 2:06-cv-00938-AEG     Filed 05/22/08     Page 2 of 3     Document 104

telecommunications company and provided him with a client identification number. Thus, the plaintiff's motion to compel will be denied as moot.

As a final matter, there are pending the parties' cross-motions for summary judgment. The parties are advised that a decision on these motions is forthcoming.

**NOW, THEREFORE, IT IS ORDERED** that the plaintiff's motion to amend the complaint (Docket # 92) is **DENIED.**

**IT IS FURTHER ORDERED** that the plaintiff's motion to compel (Docket # 99) is **DENIED AS MOOT**.

Dated at Milwaukee, Wisconsin this 21st day of May, 2008.

BY THE COURT:

s/AARON E. GOODSTEIN
United States Magistrate Judge